

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,600-01

### EX PARTE JUAN FRANCISCO PEREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16CR1088-83-1 IN THE 56TH DISTRICT COURT
### FROM GALVESTON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of tampering with a government record and sentenced to two years' imprisonment.

This application was previously remanded to the trial court to resolve a factual issue that was not addressed in counsel's first affidavit. Counsel, it appears, filed a second affidavit, but it is not signed or notarized. The trial court's findings rely on the second affidavit in resolving the disputed factual issues. However, because of the deficiency in the affidavit, the disputed issues remain unresolved.

The application is remanded a second time for the trial court to resolve whether counsel discussed with Applicant that his plea agreement was for him to go to prison for two years, not deportation or removal from the United States after which he would be required to stay out of the country for two years. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 28, 2018
Do not publish